UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TIMOTHY AVERY,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>  Defendant. | No.  2:19-cv-0470 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge failed to properly consider plaintiff's obesity, and improperly rejected plaintiff's testimony.

////

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 8 & 14.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

In August of 2015, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on August 1, 2005. (Transcript ("Tr.") at 17, 211-20.) Plaintiff's alleged impairments included PTSD, broken tailbone, nerve damage, and diabetes. (Id. at 85.) Plaintiff's applications were denied initially, (id. at 144-52), and upon reconsideration. (Id. at 155-65.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on August 10, 2017. (Id. at 35-84.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 35-43.) In a decision issued on March 7, 2018, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since June 2, 2009, the alleged amended onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).[3]
>
> 3. The claimant has the following severe impairments: lumbar degenerative disc disease, bilateral knee degeneration, diabetes, obesity, affective disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes or scaffolds. He can perform simple, repetitive

---

[3] Plaintiff's attorney amended the alleged onset date to June 2, 2009, at the August 10, 2017 hearing. (Tr. at 39-40.)

      tasks in a non-public setting. He can occasionally interact and work in coordination with coworkers. He can frequently work in the proximity with coworkers. He can frequently interact with supervisors.

      6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

      7. The claimant was born [in] 1967 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

      8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from June 2, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 20-28.)

On January 16, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's March 7, 2018 decision. (Id. at 3-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 14, 2019. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

////

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

////

////

////

////

**APPLICATION**

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ failed to properly consider plaintiff's obesity; and (2) the ALJ improperly rejected plaintiff's testimony. (Pl.'s MSJ (ECF No. 17) at 10-15.[4])

## I.   Obesity

Plaintiff argues that although the ALJ found plaintiff's obesity to be a severe impairment at step two of the sequential evaluation, the ALJ failed to consider the impact of plaintiff's obesity throughout the remainder of the sequential evaluation. (Id. at 10-13.) The ALJ must consider a claimant's obesity at steps two through five of the sequential evaluation. SSR 02-1p, 2002 WL 34686281 (2002). Moreover, the ALJ must also consider obesity in combination with the individual's other impairments. Id. Social Security Rule ("SSR") 02-1p directs that "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." Id. Instead, "[the ALJ] will evaluate each case based on the information in the case record." Id.; see also Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) ("The ALJ was responsible for determining the effect of Celaya's obesity upon her other impairments, and its effect on her ability to work and general health, given the presence of those impairments.").

Here, after step two of the sequential evaluation the ALJ's decision makes almost no reference to plaintiff's obesity. In this regard the ALJ's decision noted that plaintiff's "weight affects his ability to function," and made passing references to plaintiff's "weight," "obesity," and "BMI." (Tr. at 22-26.) The ALJ did not address how plaintiff's obesity effected plaintiff's other impairments. See Celaya, 332 F.3d at 1182 ("The ALJ was responsible for determining the effect of Celaya's obesity upon her other impairments, and its effect on her ability to work and general health, given the presence of those impairments."); see also Martinez v. Astrue, 630 F.3d 693, 698-99 (7th Cir. 2011) ("It is one thing to have a bad knee; it is another thing to have a bad knee supporting a body mass index in excess of 40. We repeat our earlier reminder that an applicant's disabilities must be considered in the aggregate.").

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

5

Moreover, the ALJ's decision made no mention of plaintiff's obesity at step three of the sequential evaluation in determining whether plaintiff's impairments met or equaled a listing impairment.  (Tr. at 20.)  While obesity "is not a separately listed impairment, a claimant will be deemed to meet the requirements if 'there is an impairment that, in combination with obesity, meets the requirements of a listing.'"  Burch, 400 F.3d at 682.  And SSR 02-1p provides that when a plaintiff "has the medically determinable impairment obesity that is 'severe'" the ALJ "may find that the obesity medically equals a listing[.]"  2002 WL 34686281, at *4; see also Bacom v. Colvin, No. 2:12-cv-0790 AC, 2013 WL 5372865, at *4 (E.D. Cal. Sept. 25, 2013) ("An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.")

An "ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review."  Diaz v. Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted); see also Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("The ALJ's decision regarding the applicability of Listing 1.04A is devoid of reasoning. . . .  This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings."); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.")).

For the reasons stated above, the court finds that the ALJ failed to properly consider plaintiff's obesity throughout the sequential evaluation and that plaintiff, therefore, is entitled to summary judgment on this claim.

**II.     Plaintiff's Testimony**

Plaintiff also challenges the ALJ's treatment of plaintiff's subjective testimony.  (Pl.'s MSJ (ECF No. 17) at 13-14.)  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has

> presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted). The ALJ's decision here, however, was issued on November 25, 2015, prior to the implementation of SSR 16-3p.

(9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant alleged disability due to depression, PTSD, a blown disc and a broken tailbone, nerve damage in his legs, and diabetes. He also has pain in his knees and feet, GERD, retinopathy, and leukemia. The claimant reported he has pain in his back that radiates into his left hip, groin and left leg. He has pain in his hips and knees due to arthritis. He has pain, numbness and burning in his feet. As a result of his impairments, [h]e cannot sit for more than 30 minutes without a 5-minute rest break. He reported he cannot stand for long and estimated he can walk for 10 minutes. He changes positions frequently. At home, he usually lies down. On a good day, he lies down for 1 to 3 hours. On a bad day, he stays in bed all day. His weight affects his ability to function. He has daily headaches that last 2 hours to all day. He has constant fatigue, feels sick, and feels stressed. He estimated he could lift and carry 5 pounds. He has a housekeeper who does the cleaning. His medications cause nausea, weakness and fatigue.

(Tr. at 22.)

After recounting plaintiff's testimony the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained in [the] decision."[6] (Id.)

The ALJ then asserted that plaintiff's testimony was "inconsistent with clinical indications showing" that plaintiff's impairments were "controlled with routine treatment and with the objective findings." (Id.) No citations or further analysis was provided in support of this vague

---

[6] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

and conclusory assertion. The ALJ then recounted various items of medical evidence before ultimately acknowledging that plaintiff's allegations were "partially supported by his diligence in seeking treatment and medications for his conditions," that there "were a couple of occasions of abnormal clinical findings," and that plaintiff "may experience some pain, fatigue and difficulty concentrating," the record did "not reveal any significant signs that persisted throughout the relevant period." (Id. at 26.)

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

The other reason given by the ALJ for rejecting plaintiff's testimony was plaintiff's "ability to work as a car salesman for 4 months in 2016 and 2017," which required plaintiff to be "working 'on feet the whole day," followed by plaintiff's collection of "unemployment benefits[.]" (Tr. at 26.) While there is a medical record from a November 2, 2016 office visit stating "on feet the whole day, works at a car dealership," plaintiff testified that the work ended because plaintiff "couldn't do it . . . just the walking and that standing[.]" (Id. at 53.)

Plaintiff did collect unemployment benefits thereafter. (Id. at 53-54.) However, "while receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime," a plaintiff's allegations of disability are only inconsistent with the plaintiff's testimony if the plaintiff "held himself out as available for full-time" work. Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1161-62 (9th Cir. 2008). The ALJ cites to no evidence that plaintiff held himself out as available for full-time work. See generally Webb v. Barnhart, 433 F.3d 683,
////

688 (9th Cir. 2005) ("That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself.").

For the reasons stated above, the court finds that the ALJ failed to offer a clear and convincing reason for rejecting plaintiff's testimony. Accordingly, plaintiff is also entitled to summary judgment on this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that "additional proceedings are required" in light of the ALJ's errors and the court agrees. (Pl.'s MSJ (ECF No. 17) at 15.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 22) is denied;

////

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  September 17, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\avery0470.ord